UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

ERIN DAVENPORT,

    Plaintiff,

v.                                                                            Civil Action No. 3:08cv119

WAL-MART STORES EAST, L.P.,

    Defendant.

## MEMORANDUM OPINION

Before the Court is Defendant Wal-Mart Stores East, L.P.'s Partial Motion to Dismiss Plaintiff's Amended Complaint, or, in the Alternative, for Partial Summary Judgment.[1] (Docket Nos. 23 & 25.) Plaintiff Erin Davenport filed a response, and Defendant Wal-Mart Stores East, L.P. ("Wal-Mart") replied. The Court will dispense with oral argument because the facts and legal contentions are presented adequately in the material before the Court, and argument would not aid in the Court's decision. Accordingly, the matter is ripe for adjudication.

### I. Facts and Procedural Background

Plaintiff Davenport began working as an Area Manager at Wal-Mart's Distribution Center #6023 in Sutherland, Virginia, on September 17, 2005. Marc Sweinton, General Manager of Wal-Mart's Distribution Center #6023, terminated Davenport on or about June 25, 2007. Sweinton informed Davenport that he was terminating her for:

> (1) not having her health care provider complete a Wal-Mart Leave of Absence Form in March 2007 for a period of requested leave pursuant to the FMLA; (2)

---

[1] Defendant previously filed a Partial Motion to Dismiss or, in the Alternative, for Partial Summary Judgment as to Plaintiff's original complaint. (Docket Nos. 2 & 6.) Because Plaintiff has filed an Amended Complaint, and Defendant has re-filed its motion, Defendant's previous motion shall be DENIED AS MOOT.

>allegedly "intimidating" fifteen other managers to be honest when responding to an upper management survey; (3) allegedly not "taking accountability well"; and (4) a poor performance evaluation.

(Am. Compl. ¶ 25.)

On July 16, 2007, Davenport submitted an affidavit and Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC"). (Mem. of Points & Authorities in Supp. of Def.'s Partial Mot. To Dismiss Pl.'s Am. Compl., or, in the Alternative, for Partial Summ. J. ("Def.'s Mot."), Ex. A ("EEOC Charge") & Ex. C.) The EEOC Charge asked Davenport to indicate the "Circumstances of Alleged Discrimination." Davenport checked the box labeled "Sex." She did not check the box labeled "Retaliation" or any other box. The EEOC Charge also asked Davenport to indicate the "Cause of Discrimination Based On (*Check appropriate box(es)*)." Davenport checked the box labeled "Sex." Davenport did not check the box labeled "Retaliation," or any other box. Finally, the EEOC Charge asked Davenport the particulars of her charge, to which Davenport responded: "I believe that I was subjected to harassment during my employment with Wal-Mart Stores; that I was subjected to disparate treatment; and that I was terminated as the result of unlawful discrimination on the basis of sex, and not for any other reason . . . ." (EEOC Charge.) In the affidavit, Davenport stated: "I contend these adverse employment actions were also retaliation for complaining of sexual harassment and disparate treatment in my employment facility." (Pl.'s Resp. to Def.'s Mot. for Partial Dismissal or Summ. J. & Mem. of Points & Authorities ("Pl.'s Resp."), Ex. A ("Davenport Aff.") ¶ 48.) Although Davenport sent a copy of the EEOC Charge to Wal-Mart, she did not include a copy of her affidavit.

2

At the EEOC's request, Plaintiff's attorney, Jonathan Walker, submitted a letter on October 2, 2007, to the EEOC responding to Wal-Mart's position statement to the EEOC.[2] In this letter, Walker stated:

> The sum and substance of this case is one of disparate treatment, retaliation, and obvious pretext . . . .
>
> . . . .
>
> [Davenport's] complaints to her management and to corporate management involved the fact that women at her facility were routinely treated with disrespect and feared retaliation for reporting sexual harassment . . . .
>
> Wal-Mart deceived Ms. Davenport into believing her comments in these venues would not result in retaliation . . . . [S]he is in essence being terminated for allegedly soliciting honesty from other managers . . . .

(Pl.'s Resp., Ex. B ("Walker Letter"), 1-2.) Walker further maintained that "[t]his case reeks of retaliation and unlawful pretext, and probable cause should be found." (Walker Letter 2.) Walker did not send a copy of this letter to Wal-Mart.

On October 31, 2007, the EEOC provided Davenport with a "Dismissal and Notice of Rights." (Def.'s Mot., Ex. B ("EEOC Notice").) This Notice indicated that:

> Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

(EEOC Notice 1.)

Davenport filed a complaint in the Circuit Court for the County of Dinwiddie on January 25, 2008. Wal-Mart removed the case to the United States District Court for the Eastern District of Virginia on February 20, 2008. On March 20, 2008, the Honorable Richard L.

---

[2] The record does not include a copy of Wal-Mart's position statement.

3

Williams granted Davenport's motion to amend her complaint. Davenport's Amended Complaint contains seven counts:

(1) Discrimination in violation of the Family Medical Leave Act ("FMLA");
(2) Discrimination on the basis of sex in violation of Title VII when Wal-Mart terminated her on June 25, 2007;
(3) Discrimination on the basis of sex in violation of Title VII when Wal-Mart improperly disciplined her on December 30, 2006;
(4) Discrimination on the basis of sex in violation of Title VII when Wal-Mart denied her request for FMLA leave in or about March 2007;
(5) Discrimination on the basis of sex in violation of Title VII when Wal-Mart lowered her annual performance evaluation score in or about March or April 2007;
(6) Retaliation for engaging in the protected activities of disciplining a male employee and successfully challenging a reprimand for disciplining him, and complaining of sexual harassment and a hostile work environment; and,
(7) Hostile work environment created by Wal-Mart when it refused to investigate Davenport's complaints about sexual harassment.

Subsequently, the parties consented to the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636.

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1964 (2007) (internal quotations omitted). Courts long have cited the requirement that a complaint not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim that would entitle him [or her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

However, the parties have submitted evidence outside of the pleadings. Thus, the Court will treat the entire motion as one for summary judgment. *Rawlett v. Runyun*, 849 F. Supp. 449, 450 (E.D. Va. 1994); Fed. R. Civ. P. 12(d). Summary judgment may rest on facts developed during the administrative proceedings, the pleadings, and supplemental affidavits. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990).

Summary judgment under Rule 56 is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. *Celotex*, 477 U.S. at 322-24. These facts must be presented in the form of exhibits and sworn affidavits. Fed. R. Civ. P. 56(c).

A court views the evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. Whether an inference is reasonable must be considered in conjunction with competing inferences to the contrary. *Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810, 818 (4th Cir. 1995). Nonetheless, the nonmoving "party is entitled to have 'the credibility of his evidence as forecast assumed.'" *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc) (*quoting Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)). Ultimately, the court must adhere to the affirmative obligation to bar factually unsupportable claims from proceeding to trial. *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (*citing Celotex*, 477 U.S. at 323-24).

### III. DISCUSSION

A.  **Count One: Discrimination under 29 U.S.C. § 2615(a)(2)**

Wal-Mart maintains that Davenport fails to state a claim under 29 U.S.C. § 2615(a)(2).[3] Davenport concedes that she cited the wrong subsection of the FMLA and seeks to amend her complaint to include 29 U.S.C. § 2615(a)(1)[4] and 29 U.S.C. § 2615(a)(2). Wal-Mart does not oppose Davenport's request to amend her FMLA claim. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,[5] the Court shall allow Davenport to amend Count One to include both

---

[3] 29 U.S.C. § 2615(a)(2) states: "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2).

[4] 29 U.S.C. § 2615(a)(1) states: "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615 (a)(1).

[5] Rule 15(a)(2) states: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

29 U.S.C. § 2615(a)(1) and 29 U.S.C. § 2615(a)(2). Wal-Mart's motion as to Count One shall be DENIED.

**B.** **Count Six: Alleged Retaliation**

Next, the Court considers Wal-Mart's motion as to Count Six. Wal-Mart maintains that Davenport fails to state a claim under 42 U.S.C. § 2000e-2(a)(1) and (2).[6] Wal-Mart also contends that Davenport failed to allege that she exhausted her administrative remedies in her Amended Complaint. *See United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979) ("a plaintiff in a civil action under Title VII must allege and prove [exhaustion of administrative remedies] . . . . Neither the complaint nor the amended complaint alleges that any of the applicants-plaintiffs complied with these prerequisites. They are not entitled to sue under Title VII, and their claims were properly dismissed.").

---

[6] 42 U.S.C. § 2000e-2(a) states:

It shall be an unlawful employment practice for an employer--

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a).

### 1. Sufficiency of Pleading

Davenport concedes that she cited the wrong subsection of Title VII. She seeks to amend her complaint to reflect 42 U.S.C. § 2000e-3(a),[7] and to allege that she exhausted her administrative remedies. Wal-Mart does not oppose Davenport's request to amend Count Six. Therefore, pursuant to Rule 15(a), the Court shall allow Davenport to amend Count Six to state a claim under 42 U.S.C. § 2000e-3(a), and to allege that she exhausted her administrative remedies.

### 2. Exhaustion of Administrative Remedies

The Court considers whether Davenport properly exhausted her administrative remedies as to her retaliation claim. Wal-Mart argues that Davenport failed to include a retaliation claim in her EEOC Charge and thus did not properly present her retaliation claim to the EEOC. Wal-Mart further maintains that because of this failure, Davenport did not place Wal-Mart on notice as to the retaliation claim before Davenport commenced the instant lawsuit.

"Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). The EEOC charge defines the scope of the plaintiff's right to sue. *Id.* "If a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation, the plaintiff may advance such claims in her subsequent civil suit." *Id.* "[T]he factual allegations made in formal litigation must correspond to those set forth in the administrative charge." *Chacko v. Patuxent Inst.*, 429 F.3d

---

[7] 42 U.S.C. § 2000e-3(a) states: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter . . . ." 42 U.S.C. § 2000e-3(a).

505, 509 (4th Cir. 2005). "[I]f the factual foundation in the administrative charge is too vague to support a claim that is later presented in subsequent litigation, that claim will also be procedurally barred." *Id.* In addition, courts bar claims that allege discrimination on a different basis, of a different type, or of a different scope than the plaintiff alleged in the administrative charge. *Id.*

In general, claims of retaliation may be raised for the first time in federal court. *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992). However, this exception to the exhaustion requirement does not apply when the alleged retaliation occurred before the plaintiff filed his or her administrative complaint. *Wilson v. Dimario*, No. 97-2252, 1998 WL 168346, at *2 (4th Cir. Mar. 31, 1998); *Keegan v. Dalton*, 899 F. Supp. 1503, 1511 (E.D. Va. 1995).

The Court cannot find that Davenport exhausted her administrative remedies with respect to her retaliation claim. First, although all of the alleged retaliation occurred before Davenport filed her EEOC Charge, she failed to check the "retaliation" boxes and she failed to allege retaliation anywhere on her EEOC Charge. *See Miles v. Dell, Inc.*, 429 F.3d 480, 492 (4th Cir. 2005) (highlighting the plaintiff's failures to check the retaliation box and to mention retaliation in the narrative section of her EEOC charge); *Miles v. Goldschmidt Chem. Corp.*, No. 3:07CV444-HEH, 2007 WL 2973242, at *3 (E.D. Va. Oct. 9, 2007) (finding that the plaintiff failed to exhaust administrative remedies on a failure to promote claim because the charge of discrimination contained no mention of the failure to promote). Because all of the alleged acts of retaliation occurred before Davenport filed her EEOC Charge on July 31, 2007, the Court will not excuse her failure. *See Keegan*, 899 F. Supp. at 1511 (distinguishing between

the need for administrative exhaustion for retaliatory acts occurring before and after filing an administrative charge).

Second, although courts liberally construe charges of discrimination, Davenport filed her EEOC Charge with the help of an attorney. *Cf. Chacko*, 429 F.3d at 509 (noting that because "lawyers do not typically complete the administrative charges . . . courts construe them liberally"). She offers no explanation for her failures, nor did she attempt to amend her Charge. *See Riley v. Technical & Mgmt. Servs. Corp.*, 872 F. Supp. 1454, 1459-60 (D. Md. 1995) (finding that plaintiffs failed to exhaust administrative remedies when they did not check the "retaliation" boxes).

Third, the EEOC Notice does not verify that the EEOC investigated a retaliation claim because the EEOC did not issue a reasonable cause determination. *See* 29 C.F.R. § 1601.21(a) ("After completing its investigation, where the Commission has not settled or dismissed a charge or made a no cause finding . . . the Commission shall issue a determination that reasonable cause exists to believe that an unlawful employment practice has occurred or is occurring under Title VII or the ADA."). Rather, the EEOC issued Davenport a right to sue because it was unable to conclude within the statutory deadline whether a violation had occurred. *See* 29 C.F.R. § 1601.28(a)(2) ("[T]he Commission may such issue notice" of the right to sue if an appropriate individual "has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge . . . ."). The EEOC made no finding about whether Davenport's Charge established a violation. Thus, even

assuming that Davenport sufficiently alleged retaliation, it is unclear that the EEOC investigated a claim of retaliation.

Fourth, although Davenport sent a copy of the EEOC Charge to Wal-Mart, she did not send a copy of her affidavit to Wal-Mart. Davenport offers no explanation for this failure, nor does either party proffer whether Davenport could have sent a copy of the affidavit to Wal-Mart. Likewise, Walker did not send a copy of his letter to Wal-Mart and offers no explanation for this failure. Therefore, even if the Court finds that Davenport's affidavit and Walker's letter sufficiently alleged retaliation to the EEOC, Wal-Mart did not receive notice of the allegation.[8] *See Dell*, 429 F.3d at 492 (refusing to consider the plaintiff's letter to the EEOC that was

---

[8] This Court does not have a sufficient record to find whether, viewing the evidence in the light most favorable to Plaintiff, the retaliation alleged here "can be expected to follow from a reasonable administrative investigation" of the allegations contained in the submissions to the EEOC. *First Union Nat'l Bank*, 202 F.3d at 247; *Chacko*, 429 F.3d at 512.

The Court has only a portion of the affidavit submitted to the EEOC by Plaintiff. The record shows that Davenport asserted that Wal-Mart retaliated against her by terminating her. *See* Walker Letter 1. She alleged that Wal-Mart retaliated against her because she complained about or otherwise reported sexual harassment and disparate treatment to management. *See* Davenport Aff. ¶ 48; Walker Letter 1. In her Amended Complaint, Davenport alleges that Wal-Mart retaliated against her by reprimanding her, denying her FMLA leave, lowering her job evaluation score, suspending her, and terminating her. *See* Am. Compl. ¶ 115. She alleges that Wal-Mart retaliated against her because she disciplined a male employee, successfully challenged a reprimand, and complained to upper management about sexual harassment and a hostile work environment. *See* Am. Compl. ¶ 115.

Although these events all ended with her termination, it is unclear whether the two complaints speak to the same individuals. *McIntyre-Handy v. APAC Customer Servs., Inc.*, 422 F. Supp. 2d 611, 621 (E.D. Va. 2006) (plaintiff's retaliation claim exhausted because different retaliatory acts involved the same two managers during the same time period). Davenport's Amended Complaint appears to recount additional events not mentioned anywhere in her submissions to the EEOC. *Cf. Cumbie v. Gen. Shale Brick, Inc.*, 508 F. Supp. 2d 486, 490 (E.D. Va. 2007) (reasonable relation because all underlying events alleged in the EEOC charge).

Still, all events, related or not, occurred pre-EEOC filing, and Plaintiff's failure to mark retaliation on her form despite being represented by counsel, the lack of an EEOC finding, and the failure to notify Wal-Mart of any retaliation claims precludes this Court from finding that Davenport exhausted her administrative remedies.

submitted five months after she filed her charge); *Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 149 (4th Cir. 1999) ("[I]t would be objectively illogical to view a private letter from a complaining party to the EEOC as constructively amending a formal charge, given that one of the purposes of requiring a party to file charges with the EEOC is to put the charged party on notice of the claims raised against it."); *see also Chacko*, 429 F.3d at 510 ("Congress intended the exhaustion requirement to serve the primary purposes of notice and conciliation . . . . This notice gives the employer an initial opportunity to voluntarily and independently investigate and resolve the alleged discriminatory actions . . . [and] prevents the employer from later complaining of prejudice . . . .").

Therefore, Davenport did not exhaust her administrative remedies as to her retaliation claim. Wal-Mart's motion as to Count Six shall be GRANTED.

## IV.  CONCLUSION

For the foregoing reasons, the Court shall DENY Wal-Mart's motion as to Count One, and GRANT Wal-Mart's motion as to Count Six.

An appropriate order shall issue.

/s/<br>M. Hannah Lauck<br>United States Magistrate Judge

Richmond, Virginia
Entered:  May 6, 2008